Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
You request our opinion on whether Kansas cities and counties may lawfully purchase vehicles from out-of-state vendors. In connection with your request, you enclose a copy of a letter from the Kansas Department of Revenue (KDOR) indicating that there is a problem with municipalities purchasing vehicles from dealers located out of state. The June 22, 2004 letter informs the Kansas League of Municipalities that K.S.A. 8-2403, 8-2439 and 8-2434 can impact dealers who unlawfully sell vehicles inKansas without the proper dealer's license. The KDOR therefore is encouraging Kansas municipalities to insist that persons bidding for sales to those municipalities comply with Kansas laws concerning licensure.[1]
K.S.A. 8-2401 et seq. regulate sellers of vehicles who conduct business in Kansas. We concur that persons and vehicle dealers who factually fall under the terms of these laws must comply with these statutes. Whether these statutes apply to a specific dealer or transaction is a fact specific issue.[2] However, dealers engaged in conduct that falls under the scope of this act, but who do not comply with these laws, may be subject to the penalties therein.[3] Nevertheless, the laws in question apply to the sellers of vehicles, not to the purchasers of vehicles (be they private individuals or municipalities). Thus, purchase of a vehicle from a dealer who should have a Kansas license, but who does not, does not result in the purchaser being punishable under the dealership laws. Moreover, we have been unable to locate any other legal authority that would punish in-state purchasers who decide to purchase vehicles from out-of-state dealerships.
Kansas counties and cities have much authority with regard to purchasing property, including motor vehicles.[4] While purchases from out-of-state suppliers may create jurisdictional or venue issues should the purchaser later wish to bring some sort of legal action, we find nothing in K.S.A.8-2401 et seq. or other Kansas law that prohibits Kansas cities or counties from purchasing vehicles from out-of-state dealerships.[5]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] An August 12, 2004 letter from James Bartle, General Counsel for the Department of Revenue, confirms that the agency does not believe that it is illegal for counties or cities to purchase vehicles from out-of-state dealers. Rather, that agency notes that some out-of-state dealers may be in violation of Kansas dealer licensing laws, by reason of their activities in the state, and thus has requested the cooperation and assistance of Kansas cities and counties with regard to ensuring that such out of state dealers do not violate Kansas dealer licensing laws. Whether cities and counties choose to assist in this manner appears to be a discretionary decision.
[2] As stated in K.S.A. 8-2439(b), not every sale of vehicles will subject a seller of vehicles to Kansas jurisdiction.
[3] K.S.A. 8-2434 provides for a misdemeanor penalty and a fine of up to $2,500, assessed against dealers or persons engaging in covered vehicle sales in Kansas without the proper license; K.S.A. 8-2426, as amended by L. 2004, Ch. 143, § 9, provides for a civil penalty of up to $1,000 per violation of K.S.A. 8-2406 or K.S.A. 8-2425.
[4] See, e.g., Kan. Const., Art. 12, § 5; K.S.A. 12-1,117; K.S.A. 2003 Supp. 19-101a, as amended by L. 2004, Ch. 185, § 36 and L. 2004, Ch. 180, § 4; K.S.A. 19-212 and K.S.A. 19-2645.
[5] Unless some part of the agreement, purchase or solicitation subjects the supplier to the jurisdiction of Kansas courts , any alleged breach of contract, fraud, or other similar causes of action would necessarily have to be brought in some other state's courts. Moreover, certain protections otherwise provided by Kansas law may not be available when the purchase is made in another state; e.g. K.S.A. 8-2419 provides for liability for defects in equipment.